

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 14, 2025.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-50141-CAG |
| | § | |
| SCOTT MICHAEL COMBS, | § | |
| | § | Chapter 7 |
| | § | |
| Debtor. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO APPREHEND DEBTOR OR ALTERNATIVELY DIRECT HIM TO ANSWER QUESTIONS AT AN ADJOURNED MEETING OF CREDITORS (ECF NO. 69)

Came on to be considered Trustee's Motion to Apprehend Debtor or Alternatively Direct Him to Answer Questions at an Adjourned Meeting of Creditors (the "Motion") and Debtor's Response to the Motion. (ECF Nos. 69, 76).[1]

---

[1] ECF" refers to the electronic case file docket number.

1

Under 11 U.S.C. § 343, Debtor "shall appear and submit to examination under oath at the meeting of creditors under section 341(a)." 11 U.S.C. § 343. This obligation is mandatory, and failure to appear without excuse constitutes a violation of the Bankruptcy Code. *In re Moore*, 309 B.R. 725, 726 (Bankr. N.D. Tex. 2002). "[T]he debtor's presence at the § 341 meeting is not merely ceremonial but instead plays a pivotal role in providing the creditors and the trustee with valuable information regarding the debtor's financial situation." *Id.* This requirement is non-waivable. *In re Cochener*, 360 B.R. 542, 576 (Bankr. S.D. Tex. 2007) (citing *In re Keiser*, 204 B.R. 697, 700 (Bankr. W.D. Tex. 2007)). Thus, failure to comply with § 343 may result in dismissal. *In re Keiser*, 204 B.R. at 700.

The United States Trustee requires that most 341 meetings be conducted via Zoom.[2] "Debtors are generally expected to appear at their virtual Meeting by video."[3] Trustees allow a debtor who is unable to appear by video "due to no access to Internet or to an electronic device with a camera," to join by audio only "on a case-by-case basis if the circumstances warrant."[4] Lastly, the U.S. Trustee's office informs debtors and their counsel that if a debtor appears telephonically, it will likely result in a continued or adjourned meeting.[5]

Debtor failed to attend two scheduled Zoom meetings by a device with a camera. Trustee requests the Court to order the United States Marshal to apprehend Debtor in Costa Rica to attend the continued meeting of creditors in San Antonio, Texas. Debtor argues that he is not required to attend meetings with a camera, and attending telephonically is appropriate in his case because he

---

[2] *Section 341 Meeting of Creditors*, U.S. TRUSTEE PROGRAM, https://www.justice.gov/ust/moc [https://perma.cc/686L-7BNY] (last visited Nov. 13, 2025) ("Please follow the instructions provided in the 341 meeting notice you receive from the court, as well as additional instructions provided by the trustee.").
[3] U.S. DEP'T OF JUST., U.S. TRUSTEE PROGRAM, INSTRUCTIONS FOR JOINING A ZOOM § 341(A) MEETING OF CREDITORS (May 25, 2024), https://share.google/vNGnY3bh6XwBIURBG [https://perma.cc/K3PV-YT88].
[4] *Id.*
[5] *Id.*; *see also* 28 U.S.C. § 586(a)(3) ("Each United States trustee . . . shall . . . supervise the administration of cases and trustees in cases under chapter 7 . . . .").

does not have access to a device with a camera. Additionally, Trustee asserts that Debtor refused to answer Trustee's questions about his address in Costa Rica, about camera equipment disclosed in the depreciation schedules, or about the computer Debtor disclosed as an asset of the bankruptcy estate. Debtor argues that he has answered questions about his address in Costa Rica, testified about the camera equipment, and answered all relevant questions about his computer.

## I.     Motion to Apprehend

First, the Court will address Trustee's request to apprehend Debtor in Costa Rica for the purposes of participating in the meeting of creditors. (ECF No. 69). 11 U.S.C. § 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see* ***In re Terrebonne Fuel & Lube, Inc.***, 108 F.3d 609, 612 (5th Cir. 1997) (establishing the core civil-contempt authority that underlies issuance of a bench warrant). Continued noncompliance with court orders warrants bankruptcy courts to impose incarceration as a sanction for civil contempt. ***In re Norris***, 192 B.R. 863, 873 (Bankr. W.D. La. 1995). "The contemnor may purge himself of contempt at any time by compliance." ***Id.*** In other words, the incarceration is intended to act as a remedial measure, where the "contemnor determines generally how long the incarceration will last." ***Id.*** If the contemnor can demonstrate an inability to comply with a court order, then the imprisonment may not continue. ***Id.***

Additionally, Federal Rule of Bankruptcy Procedure 2005 allows a party in interest to move for an order by the Court to "a marshal, or other official authorized by law, to bring the debtor before the court without unnecessary delay." FED. R. BANKR. P. 2005(a)(1). Such motion must be supported by an affidavit alleging that (1) the examination of the debtor is necessary for the proper administration of the estate and that there is no reasonable cause to believe that the

3

debtor is about to leave or has left the debtor's residence to avoid examination; (2) the debtor has evaded service of a subpoena or of an order to attend for examination; or (3) the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served. *Id.*

Bankruptcy courts have the authority to issue a writ of body attachment (also known as a "bench warrant") to "enforce the laws of the United States."[6] "A writ of body attachment is a process issued by the court directing the U.S. Marshal to bring a person who has been found in civil contempt before the court."[7] Service is accomplished by bringing the contemnor under custody before the court without undue delay.[8] The U.S. Marshal, however, may only serve and enforce the writ in the United States.[9]

Here, Trustee moved for the Court to enter an order to apprehend Debtor in Costa Rica. Trustee complies with Rule 2005 by attaching an affidavit alleging that the examination of Debtor is necessary for the proper administration of the estate. Trustee also alleges that there is reasonable cause to believe that Debtor has left his residence to avoid examination. Debtor has remained in Costa Rica throughout this bankruptcy proceeding. Although the Court may consider and issue a bench warrant in this case based on the fact that Debtor has failed to participate in the meetings of creditors by video as required by Trustee, such an order would be futile and impractical because the U.S. Marshal may not enforce such an order in Costa Rica.[10]

---

[6] *Writ of Body Attachment*, U.S. MARSHALS SERV., https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-body-attachment [https://perma.cc/6CXY-AXW4]; 28 U.S.C. § 1651(a) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").
[7] *Writ of Body Attachment*, *supra* note 6.
[8] *Id.*
[9] *Id.*
[10] The Court acknowledges that it could, in theory, direct "other official[s] authorized by law" to apprehend Debtor pursuant to Rule 2005(a) and § 105. The Court finds such relief impractical under the present circumstances. Nonetheless, the Court expressly reserves its authority to issue such relief if it later becomes necessary.

## II. Motion to Direct Debtor

Alternatively, Trustee requests that the Court direct Debtor to appear at all meetings of creditors with a camera device and truthfully answer all questions. First, Debtor argues that no bankruptcy rule requires Debtor to participate with a video device. While there is no exacting Local Rule or a Federal Rule of Bankruptcy Procedure to that effect, the U.S. Trustee Program has broad administrative authority over trustees administering chapter 7 cases and conducting 341 meetings. 28 U.S.C. § 586(a)(3); *see also* 28 C.F.R. § 58.1 (1997) (authorizing the U.S. Trustee to establish a panel of private trustees). Again, the U.S. Trustee Program has indicated that Debtors are generally expected to appear by video at the virtual meeting, and failure to do so will likely result in a continued or adjourned meeting.[11]

In this case, Trustee argues that there is reason to believe Debtor left his residence in San Antonio, Texas, to avoid examination and creditor claims. (ECF No. 69). This, coupled with Debtor's alleged tampering with estate property, avoiding Trustee's questions, and multiple granted motions to compel and turnover property to the estate, demonstrates that there is cause for the Court to require Debtor to attend the meetings with a camera device. Debtor argues that requiring video attendance would constitute "undue hardship" because the only device he owned that had a working camera was turned over to the estate on August 10, 2025. (ECF No. 76).

Some courts have demonstrated a requirement that a debtor must prove there are "exceptional circumstances" preventing their *physical* attendance at a 341 meeting. For example, in ***Hall***, the debtor requested that the court excuse his attendance at the 341 meeting because he could not afford to miss work to attend the meeting. ***In re Hall***, 266 B.R. 656, 660 (Bankr. W.D.

---

[11] U.S. DEP'T OF JUST., U.S. TRUSTEE PROGRAM, BEST PRACTICES FOR DEBTORS, DEBTORS' ATTORNEYS, AND OTHER PARTIES IN INTEREST FOR ATTENDING VIRTUAL § 341(A) MEETINGS OF CREDITORS IN CHAPTER 7, 12, AND 13 CASES (Aug. 25, 2023), https://share.google/RM7iPZVNkLJvqJFY1 [https://perma.cc/XDB4-MT83] (expecting debtors and their attorneys to appear by video).

Ky. 2001). The court was not convinced that such circumstances were exceptional because "[a]ll debtors are required to be absent from work or other obligations to appear for the 341 meeting." *Id.* It emphasized that the 341 meeting "is a minimal requirement for which debtors receive substantial relief," and continuous rescheduling of the 341 meeting "inconveniences creditors and creates administrative problems for the court." *Id.*

The Court neither finds Debtor's "undue hardship" argument compelling, nor has Debtor demonstrated "exceptional circumstances," excusing his video-attendance of the 341 meeting. Debtor received notice of the date and time for the 341 meeting, which was to be held by the Trustee via Zoom. (ECF No. 3). Requiring a debtor to appear at the adjourned meeting of creditors by video does not constitute an undue hardship. A remote appearance is a reasonable and minimally burdensome method of satisfying a debtor's statutory duty to appear for examination. Debtor has not demonstrated exceptional circumstances that justify excusing this obligation.

Additionally, Debtor asks Trustee to conclude the meeting because Debtor has waived his discharge and "there are no other parties of interest in this case." (ECF No. 76, ¶¶ 4, 9). The 341 meeting is "to enable creditors *and the trustee* to determine if assets have been properly disposed of or concealed." S. REP. NO. 95-989, at 43 (1978) (emphasis added). Even when a debtor waives discharge, the 341 meeting and examination duties under § 343 remain operative and essential. The rationale is that the chapter 7 trustee's statutory duties extend beyond discharge administration; these duties include locating, recovering, and liquidating estate property. *See* 11 U.S.C. § 704(a)(4) ("The trustee shall investigate the financial affairs of the debtor."); 11 U.S.C. § 521(a)(3)–(4) (requiring debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" and "surrender to the trustee all property of the estate and any recorded information"); *see also* 11 U.S.C. 102(9) ("'United States trustee' includes a

6

designee of the United States trustee."). Thus, Debtor's waiver of discharge under § 727(a)(10) does not terminate the bankruptcy estate or Trustee's obligations under §§ 704 and 343. Debtor must appear remotely via a video device and answer questions at the adjourned § 341 meeting.

## CONCLUSION

A debtor who seeks protections and benefits of the United States Bankruptcy Code may not simultaneously claim the advantages of this forum while residing abroad to evade its obligations. The venue and jurisdiction invoked by Debtor carry with them the duty to cooperate fully in the administration of the estate. Trustee's request to apprehend Debtor is denied because the United States Marshals Service lacks authority to execute a body-attachment order in a foreign country. Alternatively, the Court grants Trustee's request to direct Debtor to appear and answer questions at an adjourned 341 meeting by video, finding reasonable cause to require Debtor's remote participation so that Trustee may complete his examination under § 343.

IT IS THEREFORE ORDERED that Trustee's Motion to Apprehend Debtor is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Debtor shall appear at the adjourned meeting of creditors by video.

# # #